KENNETH M. WEINFIELD (SBN 116560)
**CHAUVEL & GLATT, LLP**
66 BOVET ROAD, SUITE 280
SAN MATEO, CA 94402
TELEPHONE: 650-573-9500
FACSIMILE: 650-573-9689
EMAIL: ken@chauvellaw.com

Attorneys for Plaintiff The Logistics Guys Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LOGISTICS GUYS INC., an Idaho corporation,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>DOMINICK CUEVAS, an individual, and TRIBAL LOGISTICS INC., a Texas Corporation,<br><br>　　　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES FOR:**<br><br>1) **Trade Secret Misappropriation, 18 U.S.C. § 1836** *et. seq*.<br>2) **Trade Secret Misappropriation, Cal. Civ. Code § 3426.1** *et. seq*.<br>3) **Breach of Duty of Loyalty**<br>4) **Conversion**<br>5) **Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g)**<br>6) **Interference with Contractual Relations**<br>7) **Interference with Prospective Economic Advantage**<br>8) **Violation of Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200** *et. seq*.<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

　　　　Plaintiff The Logistics Guys Inc., by and through its counsel of record, alleges as follows:

1

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 18 U.S.C. § 1836, 18 U.S.C. § 1030(g) and 28 U.S.C. §1331, in that it involves questions arising under federal law concerning violations of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et. seq*. and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g).  Plaintiff utilizes its trade secrets to facilitate the movement of goods in interstate commerce throughout the United States.

2. The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367, in that they arise out of the same common nucleus of material facts as plaintiff's federal claims.  The federal and state law claims are so intertwined that it is appropriate for the Court to exercise jurisdiction over the state law claims set forth herein.

3. Diversity jurisdiction over this matter also exists pursuant to 28 U.S.C. § 1332 in that plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.00.  Specifically, plaintiff is a citizen of Idaho, defendant Cuevas is a citizen of California and defendant Tribal Logistics is a citizen of Texas.  The amount of damages claimed in plaintiff's Prayer for Relief exceeds $250,000.00.

## PARTIES

4. Plaintiff The Logistics Guys Inc. ("TLG"), is an Idaho corporation with its principal place of business in Coeur d'Alene, Idaho.

5. Defendant Dominick Cuevas ("Cuevas") is a former employee of TLG based in Mountain House, California.

6. Defendant Tribal Logistics Inc. is a Texas corporation which, on information and belief, was formed within the past few weeks by defendant Cuevas.

2

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

7. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein each of the defendants was the agent of, or conspired with, the others. In committing the acts alleged herein, defendants were acting within the scope of said agency or conspiracy. As such, each defendant is jointly and severally liable for the other's acts.

## GENERAL ALLEGATIONS

8. TLG provides transportation, logistics and supply chain management services to companies throughout the United States.

9. Cuevas began working as a Logistics Sales Manager for TLG in 2019, and was terminated on July 5, 2023. During that period, he worked remotely from his home in Mountain House, California.

10. Either before or shortly after the termination of his employment with TLG, Cuevas began soliciting TLG customers to transfer their business to a new entity he was forming to compete against TLG. That entity, defendant Tribal Logistics, was established in Texas on or about July 14, 2023.

11. Through his work at TLG, Cuevas became aware of highly sensitive, confidential information concerning the company's business, including customer identities and needs, key customer decision makers, contact information and strategies, as well as processes and equipment utilized by TLG to meet its customers' needs. Cuevas also became aware of the identities of carriers utilized by TLG to transport its customers' shipments, as well as the carriers' key decision-makers and pertinent contact information. On information and belief, Cuevas has used and is using this information to solicit business from TLG customers for his own benefit and that of Tribal Transport.

12. On information and belief, Cuevas began laying the groundwork for the above-described actions during his employment with TLG by utilizing company trade secret information to solicit customers on behalf of himself and/or Tribal Logistics. Plaintiff is further informed and believes that Cuevas has shared or is planning to share TLG trade secret information with one or more third parties

to further his illicit scheme. Pursuant to that scheme, Cuevas has on information and belief, disseminated disparaging, false and misleading communications about TLG to its customers and business partners, and otherwise attempted to interfere with such relationships by underhanded means.

13. To facilitate this scheme, Cuevas has failed to return TLG-owned computers to the company which contain TLG trade secret information. On information and belief, Cuevas has accessed those computers without company authorization following the termination of his employment with TLG.

14. Defendants' actions have caused TLG irreparable harm, and threaten to cause further irreparable harm unless enjoined by this Court.

## FIRST CAUSE OF ACTION

**(Misappropriation of Trade Secrets, 18 U.S.C. § 1836 *et. seq.*)**

15. Plaintiff repeats the allegations contained in paragraphs 1 through 14 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

16. TLG's above-referenced trade secret information is not generally known to the public, or to those who can derive economic value from its use. Such information constitutes a trade secret under both state and federal law. TLG has taken reasonable steps to maintain the confidentiality of the above-described information; these measures include requiring its employees to enter into confidentiality agreements prohibiting the unauthorized use or disclosure of such trade secrets. This information, generated over many years in business, provides TLG a considerable economic advantage in the transportation, logistics and supply chain management marketplaces.

17. On information and belief, defendants have utilized TLG trade secrets to solicit the business of TLG customers on behalf of Cuevas and/or Tribal Logistics, in violation of the duty of confidentiality which they owe to TLG. On information and belief, Cuevas has disclosed TLG trade secrets to Tribal Logistics or others to facilitate his efforts to compete against TLG.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

18. The acts of defendants, set forth above, constitute trade secret misappropriation in violation of 18 U.S.C. § 1836 *et. seq.*

19. As a proximate result of defendants' actions, as alleged herein, TLG has suffered and will continue to suffer irreparable harm to its business. TLG's remedies at law are inadequate, and equitable relief is necessary to adequately protect it.

20. Additionally, as a further proximate result of defendants' acts of misappropriation, TLG has incurred and will continue to incur general and special damages in an amount to be proven at trial.

21. Defendants' conduct is willful and malicious in that they are using TLG trade secret information with full knowledge that such actions are in violation of the law, and will irreparably harm TLG. Accordingly, TLG is entitled to an award of exemplary damages and attorneys' fees against defendants.

## SECOND CAUSE OF ACTION

**(Misappropriation of Trade Secrets, Cal. Civ. Code § 3426.1 *et. seq.*)**

22. Plaintiff repeats the allegations contained in paragraphs 1 through 21 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

23. The TLG confidential information utilized by defendants is not generally known to the public, or to those who can derive economic value from its use. TLG has taken reasonable steps to maintain the confidentiality of this information, which provides TLG a substantial economic advantage.

24. On information and belief, defendants have used, or are threatening to use, TLG trade secrets in violation of their obligations to TLG.

25. On information and belief, defendants have disclosed TLG trade secrets to others in an effort to assist in their competitive efforts against TLG.

26. The above-described acts of defendants constitute trade secret misappropriation, in violation of Cal. Civ. Code § 3426.1 *et. seq.*

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

27. As a proximate result of defendants' actions, as alleged herein, TLG has suffered and will continue to suffer irreparable harm to its business. TLG's remedies at law are inadequate, and equitable relief is necessary to adequately protect it.

28. Additionally, as a further proximate result of defendants' acts of misappropriation, TLG has incurred and will continue to incur general and special damages in an amount to be proven at trial.

29. Defendants' conduct is willful and malicious in that they are using TLG trade secret information with full knowledge that such actions are in violation of the law, and will irreparably harm TLG. Accordingly, TLG is entitled to an award of exemplary damages and attorneys' fees against defendants.

## THIRD CAUSE OF ACTION

### (Breach of Duty of Loyalty)

30. Plaintiff repeats the allegations contained in paragraphs 1 through 29 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

31. As a TLG employee between 2019 and July 2023, Cuevas owed the company a duty of loyalty to promote TLG's interests and not re-direct corporate opportunities to himself or a competitor.

32. On information and belief, Cuevas breached his duty of loyalty to TLG by diverting, or attempting to divert, TLG customer business to himself or his new venture while still employed by TLG. Since its inception, on information and belief, Tribal Logistics has been fully aware of such actions and is reaping the benefits thereof.

33. As a proximate result of defendants' actions, as alleged herein, TLG has suffered and will continue to suffer irreparable harm to its business. TLG's remedies at law are inadequate, and equitable relief is necessary to adequately protect it.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

34. Additionally, as a further proximate result of the aforesaid breaches of the duty of loyalty, TLG has incurred and will continue to incur general and special damages, in an amount to be proven at trial.

35. Defendants' conduct as alleged herein was egregious and carried out with willful and conscious disregard of TLG's rights and, hence, was oppressive and malicious. As a result, TLG is entitled to recover punitive damages from defendants.

## FOURTH CAUSE OF ACTION

### (Conversion)

36. Plaintiff repeats the allegations contained in paragraphs 1 through 14 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

37. Cuevas retained two company-owned laptops and a desktop computer following the termination of his employment with TLG. Those computers, as well as the information stored on them, are the property of TLG. Cuevas has no right to possess or retain those computers, or use them for any purpose, including for the purpose of competing against TLG. On information and belief, Tribal Logistics is in possession of one or more of those computers.

38. Defendants have intentionally and substantially interfered with TLG's ownership of the computers by continuing to possess, retain and/or use them. TLG has not consented to their continued possession, retention and/or use.

39. TLG has been irreparably damaged by such acts of conversion, and will continue to suffer irreparable injury to its business. TLG's remedies at law are inadequate, and equitable relief is necessary to adequately protect its rights.

40. Additionally, TLG has incurred and will continue to incur general and special damages as a further proximate result of such actions, in an amount to be proven at trial.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

41. Defendants' conduct as alleged herein was egregious and carried out with willful and conscious disregard of TLG's rights and, hence, was oppressive and malicious. As a result, TLG is entitled to recover exemplary and punitive damages.

## FIFTH CAUSE OF ACTION

### (Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g))

42. Plaintiff repeats the allegations contained in paragraphs 1 through 14 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

43. At all times pertinent hereto, the company-owned computers in Cuevas' possession were "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2), in that they were used in or affecting interstate commerce.

44. Cuevas had no right or authority to access the aforementioned computers following the termination of his employment with TLG. On information and belief, Cuevas nonetheless accessed the computers without authorization, within the meaning of 18 U.S.C. § 1030(a)(2)(c). On information and belief, Tribal Logistics and others have conspired with Cuevas in such illicit acts by, *inter alia*, receiving information or electronic files obtained by means of Cuevas' illicit access to the computers following the termination of his employment with TLG.

45. By intentionally accessing protected computers without authorization and obtaining information therefrom, defendants violated 18 U.S.C. § 1030(a)(2)(C).

46. By intentionally accessing protected computers without authorization for a fraudulent purpose, and by means of such conduct obtained proprietary TLG information in furtherance of their fraudulent purpose, defendants violated 18 U.S.C. § 1030(a)(4).

47. The above-described acts, and each of them, constitute violations of 18 U.S.C. § 1030(g).

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

48. As a proximate result of defendants' actions, TLG has suffered and will continue to suffer irreparable harm to its business. TLG's remedies at law are inadequate, and equitable relief is necessary to adequately protect it.

49. Additionally, as a proximate result of the aforesaid misconduct, TLG has incurred and continues to incur direct, indirect, incidental and consequential damages in an amount to be proven at trial in excess of $5,000.00 during the past year.

## SIXTH CAUSE OF ACTION

### (Intentional Interference with Contractual Relations)

50. Plaintiff repeats the allegations contained in paragraphs 1 through 14 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

51. At all times pertinent hereto, Cuevas knew that TLG had entered into contractual relationships with its customers and business partners which involved a likelihood of economic benefit for TLG. On information and belief, Tribal Logistics and others with whom Cuevas has conspired are also aware of TLG's aforementioned contractual relations.

52. On information and belief, defendants have attempted to interfere, and have interfered with the aforementioned contractual relationships by, *inter alia*, disseminating false and misleading communications to TLG customers and business partners, disparaging TLG and otherwise attempting to drive a wedge between TLG and such entities by underhanded means.

53. As a consequence of defendants' acts, as alleged herein, TLG's contractual relationships have been disrupted and are threatened with further disruption.

54. TLG has suffered, and will continue to suffer, irreparable harm to its business. TLG's remedies at law are inadequate, and equitable relief is necessary to adequately protect it.

55. Additionally, as a further proximate result of such acts of interference, TLG has incurred and will continue to incur general and special damages in an amount to be proven at trial.

56. Defendants' conduct as alleged herein was egregious and carried out with willful and conscious disregard of TLG's rights and, hence, was oppressive and malicious. As a result, TLG is entitled to recover exemplary and punitive damages from defendants.

## SEVENTH CAUSE OF ACTION

### (Interference with Prospective Economic Advantage)

57. Plaintiff repeats the allegations contained in paragraphs 1 through 14 and 51-56 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

58. At all times pertinent hereto, Cuevas knew that TLG's relationship with its customers and business partners involved a likelihood of economic benefit for TLG. On information and belief, Tribal Logistics and others with whom Cuevas has conspired are also aware of TLG's aforementioned prospective economic benefits.

59. By disseminating false and misleading communications to TLG's customers and business partners, disparaging TLG and otherwise attempting to drive a wedge between TLG and such entities through underhanded means, defendants have interfered with TLG's ability to reap the benefits of its prospective economic relationships.

60. The aforementioned acts were and are independently wrongful in that they violate, *inter alia*, 18 U.S.C. §1836 *et. seq.*, 18 U.S.C. § 1030(g), Cal. Civ. Code § 3426.1 *et. seq.* and constitute conversion as well as unlawful, unfair or fraudulent business practices within the meaning of Cal. Bus. & Prof. Code § 17200 *et. seq*.

61. As a consequence of defendants' illicit actions as set forth above, TLG's prospective economic advantage with its customers and business partners has been disrupted.

62. TLG has suffered, and will continue to suffer, irreparable harm in the absence of judicial intervention. Equitable and declaratory relief regarding these issues is necessary to adequately redress such behavior.

63. Additionally, TLG has incurred and will continue to incur general and special damages as a further proximate result of such acts of interference, in an amount to be proven at trial.

64. Defendants' conduct as alleged herein was egregious and carried out with willful and conscious disregard of TLG's rights and, hence, was oppressive and malicious. As a result, TLG is entitled to recover exemplary and punitive damages.

## EIGHTH CAUSE OF ACTION

**(Violation of the Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200, *et seq.*)**

65. Plaintiff repeats the allegations contained in paragraphs 1 through 14 and 30 through 64 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

66. Defendants' acts, as set forth above, constitute unlawful, unfair or fraudulent business practices within the meaning of California Business and Professions Code § 17200 *et. seq*.

67. TLG has been irreparably damaged by such acts of unfair competition, and will continue to suffer irreparable injury to its business. TLG's remedies at law are inadequate, and equitable relief is necessary to adequately protect its rights.

68. TLG is, further, entitled to restitution of any and all gains, profits and advantages obtained by defendants as a result of their statutory violations.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. For temporary, preliminary and permanent injunctive relief enjoining defendants and any person or entity acting in concert with them from using or disclosing TLG trade secret information or

otherwise interfering with TLG's relationships with its customers or business partners, or engaging in acts of unfair competition;

    2.    For general and special damages of at least $250,000.00, according to proof at trial;

    3.    For disgorgement or restitution of any sums defendants have received as a result of their illicit conduct, including the salary and benefits paid to Cuevas by TLG while he was working to undermine its interests;

    4.    For pre- and post-judgment interest thereon;

    5.    For exemplary and/or punitive damages;

    6.    For attorneys' fees and costs of suit; and

    7.    For such other and further relief as the court deems just and proper.

Dated: August 1, 2023                                                           CHAUVEL & GLATT, LLP

                                                                               /s/
                                        By: _____
                                                          Kenneth M. Weinfield
                                  Attorneys for Plaintiff The Logistics Guys Inc.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of any issue herein triable of right by a jury.

Dated: August 1, 2023                                          CHAUVEL & GLATT, LLP

By: _____/s/_____
Kenneth M. Weinfield
Attorneys for Plaintiff The Logistics Guys Inc.