UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LOGISTICS GUYS INC., | No. 2:23-cv-01592-DAD-KJN |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |
| DOMINICK CUEVAS, et al., | |
| Defendants. | (Doc. No. 4) |

This matter is before the court on a motion for a temporary restraining order filed by plaintiff The Logistics Guys Inc. ("plaintiff" or "TLG") on August 24, 2023. (Doc. No. 4.)[1] For the reasons explained below, plaintiff's motion will be denied.

**BACKGROUND**

On August 2, 2023, plaintiff filed its complaint against defendants Dominick Cuevas and Tribal Logistics Inc., seeking damages, restitution, and "injunctive relief enjoining defendants and any person or entity acting in concert with them from using or disclosing TLG trade secret information or otherwise interfering with TLG's relationships with its customers or business

/////

---

[1] The signature line of the memorandum of points and authorities that plaintiff submitted in support of its motion for a temporary restraining order (Doc. No. 4-1) was left blank. Without any explanation or the filing of a notice of errata, plaintiff filed a "supplement" (Doc. No. 5), which is the same memorandum but this time with plaintiff's counsel's signature affixed.

1

partners, or engaging in acts of unfair competition." (Doc. No. 1 at 11–12.) In its complaint, plaintiff alleges the following.

       Plaintiff "TLG provides transportation, logistics and supply chain management services to companies throughout the United States." (*Id.* at ¶ 8.) Defendant "Cuevas began working as a Logistics Sales Manager for TLG in 2019," working "remotely from his home in Mountain House, California." (*Id.* at ¶ 9.) "Through his work at TLG, [defendant] Cuevas became aware of highly sensitive, confidential information concerning the company's business, including customer identities and needs, key customer decision makers, contact information and strategies, as well as processes and equipment utilized by TLG to meet its customers' needs." (*Id.* at ¶ 11.) Defendant "Cuevas also became aware of the identities of carriers utilized by TLG to transport its customers' shipments, as well as the carriers' key decision-makers and pertinent contact information." (*Id.*) This "trade secret information" was "generated over many years in business"; "provides TLG with a considerable economic advantage in the transportation, logistics and supply chain management marketplaces"; and "is not generally known to the public or to those who can derive economic value from its use." (*Id.* at ¶ 16.) Plaintiff "has taken reasonable steps to maintain the confidentiality of the above-described information; these measures include requiring its employees to enter into confidentiality agreements prohibiting the unauthorized use or disclosure of such trade secrets." (*Id.*)

       Plaintiff terminated defendant Cuevas's employment on July 5, 2023. (*Id.* at ¶ 9.) "Either before or shortly after the termination of his employment with TLG, [defendant] Cuevas began soliciting TLG customers to transfer their business" to defendant Tribal Logistics Inc., a Texas corporation that was established on July 14, 2023 as a new entity that defendant Cuevas formed "to compete against TLG." (*Id.* at ¶¶ 6, 10.)

       Plaintiff alleges "on information and belief" that defendant "Cuevas has used and is using [TLG's confidential] information to solicit business from TLG customers for his own benefit and

/////

/////

/////

that of Tribal Transport."[2]  (*Id.* at ¶ 11.)  Plaintiff also alleges "on information and belief" that defendant "Cuevas began laying the groundwork for the above-described actions during his employment with TLG by utilizing company trade secret information to solicit customers on behalf of himself and/or Tribal Logistics."  (*Id.* at ¶ 12.)  Plaintiff further alleges on information and belief that defendant "Cuevas has shared or is planning to share TLG trade secret information with one or more third parties to further his illicit scheme," and that "[p]ursuant to that scheme," he "disseminated disparaging, false and misleading communications about TLG to its customers and business partners, and otherwise attempted to interfere with such relationships by underhanded means.  (*Id.*)

After defendant Cuevas's employment was terminated, he failed to return to plaintiff TLG-owned computers—two laptops and a desktop computer—that contain TLG trade-secret information.  (*Id.* at ¶¶ 13, 37.)  Plaintiff also alleges on information and belief that defendant "has accessed those computers without company authorization following the termination of his employment with TLG."  (*Id.* at ¶ 13.)  "Defendants' actions have caused TLG irreparable harm[] and threaten to cause further irreparable harm unless enjoined by this court."  (*Id.* at ¶ 14.)  In addition, as a TLG employee, defendant Cuevas owed a "duty of loyalty to promote TLG's interests and not re-direct corporate opportunities to himself or a competitor."  (*Id.* at ¶ 31.)

In its complaint, plaintiff brings claims against defendants for trade secret misappropriation, breach of the duty of loyalty, conversion, violation of the federal Computer Fraud and Abuse Act, violation of California's Unfair Competition Law, intentional interference with contractual relations, and interference with prospective economic advantage.  (Doc. No. 1.)

On August 2, 2023, the same day that plaintiff filed the complaint initiating this action, the Clerk of the Court issued the summons as to both defendants.  (Doc. No. 2.)  Plaintiff has not, however, filed an executed summons on the docket to reflect completion of service of the summons and complaint on defendants.

---

[2]  Plaintiff does not identify a separate entity named "Tribal Transport" in its complaint, and it appears that plaintiff intended to refer to defendant Tribal Logistics Inc., which plaintiff refers to elsewhere in the complaint as "Tribal Logistics."

On August 24, 2023, plaintiff filed the pending motion for a temporary restraining order and request for expedited discovery. (Doc. No. 4.) Plaintiff's notice of motion and memorandum of points and authorities do not specify the injunctive relief that plaintiff requests be imposed on defendants. Rather, in the proposed order that plaintiff filed in conjunction with its motion, plaintiff proposes that defendant "Cuevas as well as his agents, employees, partners, officers, representatives, any and all successors or assigns of said persons or entities, and any person or entity acting in concert with him or on his behalf" be

> enjoined and restrained from directly or indirectly engaging in any of the following acts: (1) soliciting, contacting or attempting to contact entities which were customers of plaintiff at any time prior to July 5, 2023; (2) soliciting, contacting or attempting to contact entities which were carriers of plaintiff at any time prior to July 5, 2023; (3) making any use or disclosure of information obtained from plaintiff, including but not limited to the identities of plaintiff's customers or the latter's key personnel, contact information and particular needs; (4) disparaging TLG to its customers, carriers and business partners, or otherwise disseminating false or misleading communications about TLG; (5) continuing to do business with any entities which were customers of plaintiff at any time prior to July 5, 2023; (6) contacting or threatening TLG employees in any manner; [and] (7) otherwise using or disclosing any confidential information from TLG.

(Doc. No. 4-4 at 2.) Plaintiff further proposes that defendant Cuevas be ordered to return any computers that he had obtained from plaintiff. (*Id.*)

On August 25, 2023, defendants filed a declaration by defense counsel and a declaration by defendant Cuevas, in which defendants urge the court to deny the motion for a temporary restraining order because there is no exigent circumstance and to instead provide a briefing schedule for counsel to fully address the merits of plaintiff's request for injunctive relief. (Doc. Nos. 6, 7.)[3] Defense counsel also previewed that defendants anticipate objecting to the evidence that plaintiff submits in support of its request for injunctive relief because, according to

/////

---

[3] The docket reflects the appearance of defense counsel, Paul L. Cass, as attorney of record for defendant Dominick Cuevas, but the docket was not updated to also reflect that attorney Cass has made his appearance on behalf of defendant Tribal Logistics Inc. as well. Accordingly, the court will direct the Clerk of the Court to update the docket to reflect that attorney Cass is counsel of record for defendant Tribal Logistics Inc.

defendants, the declarations relied upon by plaintiff are speculative, hearsay, and lack foundation. (Doc. No. 6.)

## LEGAL STANDARD

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

## DISCUSSION

Here, because the court finds that denial of plaintiff's motion is appropriate on procedural grounds alone, the court need not address the *Winter* factors.

"The propriety of a TRO hinges on a significant threat of irreparable injury that must be imminent in nature." *Farmers Ins. Exch. v. Steele Ins. Agency*, No. 2:13-cv-00784-MCE-DAD, 2013 WL 1819988, at *1 (E.D. Cal. Apr. 30, 2013) (citing *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988)).  That imminence of irreparable injury is of central importance in granting a TRO.  This principle is reflected in this court's governing Local Rules, which provides as follows with regard to the timing of a motion for a temporary restraining order:

> In considering a motion for a temporary restraining order, the court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order.  Should the court find that the applicant unduly delayed in seeking injunctive relief, the court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

L.R. 231(b).

Here, plaintiff's own allegations reflect that the conduct plaintiff challenges occurred "either before or shortly after" July 5, 2023, when defendant Cuevas's employment was terminated.  (Doc. No. 1 at ¶¶ 9–10.)  Yet, plaintiff did not file the pending motion for a temporary restraining order until August 24, 2023—seven weeks after terminating defendant Cuevas's employment and over three weeks after filing its complaint in this action.  This delay in seeking injunctive relief undercuts plaintiff's "allegations of irreparable injury." L.R. 231(b).  Moreover, plaintiff has not established that it lacked the ability to seek a preliminary injunction at an earlier date; plaintiff waited three weeks after filing its complaint to file the motion for a temporary restraining order.

Accordingly, the issuance of a TRO is not warranted in this instance.  *See Occupy Sacramento v. City of Sacramento*, No. 2:11-cv-02873-MCE-GGH, 2011 WL 5374748, at *4 (E.D. Cal. Nov. 4, 2011) (denying a motion for a temporary restraining order because of a 25-day delay in seeking the order); *see also Polyportables LLC v. Endurequest Corp.*, No. 1:16-cv-01291-DAD-SKO, 2016 WL 4679735, at *4 (E.D. Cal. Sept. 6, 2016) ("The months' long delay between learning of defendant's alleged misconduct and the filing of the pending motion seeking a TRO undercuts plaintiff's allegation of imminent, irreparable harm.").

Thus, plaintiff's motion for a temporary restraining order will be denied, without prejudice to plaintiff's filing of a properly noticed motion for preliminary injunction.[4]

In addition, plaintiff's request for expedited discovery is not supported by a showing of good cause, nor fully developed legal arguments. Accordingly, the court will also deny plaintiff's request for expedited discovery, without prejudice to plaintiff filing a motion for expedited discovery before the assigned magistrate judge, consistent with Local Rule 302(c).

## CONCLUSION

For the reasons explained above,

1. Plaintiff's motion for a temporary restraining order (Doc. No. 4) is denied, without prejudice to plaintiff's filing of a properly noticed motion for preliminary injunction;

2. Plaintiff's request for expedited discovery is denied, without prejudice to plaintiff filing a motion for expedited discovery before the assigned magistrate judge; and

/////

/////

/////

---

[4] Should it determine it is appropriate to do so, plaintiff may file a properly noticed motion for preliminary injunctive relief. The court notes, however, that plaintiff must provide more than conclusory assertions to carry its burden of demonstrating that preliminary injunctive relief is warranted, and a simple repackaging of its motion for a temporary restraining order will be plainly insufficient. Defendant Cuevas's declaration contains detailed descriptions of plaintiff's business (*see* Doc. No. 7), descriptions which were noticeably absent in plaintiff's complaint and the declaration of TLG's CEO Elijah Rodriguez filed in support of the motion for a temporary restraining order, resulting in underdeveloped assertions of the existence of trade secrets and irreparable harm. In addition, defendant Cuevas's declaration included specific refutations to the broad, conclusory allegations in plaintiff's complaint, which also casts doubt on the likelihood that plaintiff would be able to sufficiently state its claims, let alone demonstrate a likelihood of success on the merits of its claims. The court reminds the parties of their meet and confer obligations and urges the parties to meaningfully engage with the undersigned's meet and confer requirements. (*See* Doc. No. 3-1 at 2.) Notably, defendant Cuevas's declaration states that he had tried to return six computer monitors and a desktop computer to plaintiff to no avail, and that his "lawyer Mr. Cass before the TRO was filed offered up these items[,] but his offers were ignored." (Doc. No. 7 at 9.) Thus, it appears to the court that through meet and confer efforts, the parties may be able to narrow the issues that remain to be resolved, if any, and as to which plaintiff may appropriately seek preliminary injunctive relief.

3. The Clerk of the Court is directed to update the docket to reflect that attorney Paul L. Cass has also appeared as counsel of record on behalf of defendant Tribal Logistics Inc.

IT IS SO ORDERED.

Dated: **August 28, 2023**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE