UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LOGISTICS GUYS INC., | No. 2:23-cv-01592-DAD-KJN |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S REQUEST TO SEAL DEFENDANT CUEVAS'S DECLARATION |
| DOMINICK CUEVAS, et al., | |
| Defendants. | (Doc. No. 12) |

This matter is before the court on plaintiff's request to seal the declaration of defendant Dominick Cuevas that was filed in opposition to plaintiff's motion for a temporary restraining order. (Doc. No. 12.) For the reasons explained below, the court will deny plaintiff's request to seal.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*,

/////

/////

1

447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).[1]

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003)). The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

Under the "compelling reasons" standard applicable to dispositive motions,[2] including plaintiff's motion for a temporary restraining order to which defendant Cuevas opposed in his declaration:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178.

---

[1] Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

[2] While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

2

       "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

## ANALYSIS

       Here, defendant Cuevas filed a declaration in opposition to plaintiff's motion for a temporary restraining order. (Doc. No. 7.) In that 12-page declaration, defendant Cuevas stated the name of two of plaintiff's customer-shippers, twice—on line 12–13 of page 3, and on line 27–28 on page 4. (*Id.* at 3, 4.) Plaintiff filed the pending request to seal the entire Cuevas declaration "on the ground that some of [plaintiff's] customer identities are disclosed in Cuevas' Declaration." (Doc. No. 12-1 at 1.) Plaintiff argues in conclusory fashion that "[i]f defendant's inclusion of plaintiff's customer identities in Mr. Cuevas' declaration is allowed to stand, it would inflict the very harm that plaintiff is seeking to prevent by means of this lawsuit." (*Id.* at 2.) Plaintiff also asserts that "[t]he injury which would accrue from having plaintiff's customer information floating around in public is exactly the sort of disclosure which 'might harm a litigant's competitive standing.'" (*Id.*) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1097).

       Critically, however, plaintiff does not provide any factual basis or analysis to support its mere allegation that its customers' identities constitute trade secrets, nor does plaintiff articulate how disclosure of these two customer shippers' names would cause harm to its competitive standing. Plaintiff has thus failed to establish compelling reasons justify sealing the entire Cuevas declaration.[3] Accordingly, the court will deny plaintiff's request to seal.

---

[3] Moreover, it is notable that plaintiff did not request that the court direct defendants to file a redacted version of the Cuevas declaration that simply redacts those two customers' names in the two places in which they are referenced. Nevertheless, plaintiff's barebones and unsupported arguments are insufficient to even justify ordering such redactions.

**CONCLUSION**

For the reasons explained above, plaintiff's request to seal (Doc. No. 12) is denied.

IT IS SO ORDERED.

Dated: **August 31, 2023**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE