UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGISTICS GUYS INC., | 2:23-cv-01592-DAD-KJN |
| Plaintiff, | ORDER |
| v. | |
| DOMINICK CUEVAS, ET AL, | |
| Defendants. | |

Plaintiff's motion for expedited discovery is set for a hearing on October 17, 2023.  (ECF No. 14.)  Pending before this court are plaintiff's motion for expedited discovery and plaintiff's motion to shorten time for the hearing on plaintiff's motion for expedited discovery.  (ECF Nos. 14, 15.)  For the reasons set forth below, the court denies both motions and vacates the motion hearing.

Further, upon referral of the assigned district judge, the undersigned orders the parties to appear for a scheduling conference on October 31, 2023.

I.    Background

On August 2, 2023, plaintiff Logistics Guys Inc. filed this trade secret misappropriation case against defendants Dominick Cuevas and Tribal Logistics Inc.  (See generally, ECF No. 1.)  On September 9, 2023, plaintiff filed a motion for expedited discovery and set the motion for an

1

October 17, 2023 hearing. (ECF No. 14.) Plaintiff's motion for expedited discovery concerns: 1) requests for production of documents under Rule 34; and 2) a third-party subpoena to Impala Freight, defendant Cuevas's new employer. (ECF No. 14-3 at 3-11.)

On September 12, 2023, plaintiff filed a motion to shorten time for the hearing on expedited discovery to September 26, 2023. (ECF No. 15.) The motion did not include any affidavit from plaintiff's counsel explaining any efforts to communicate with defendants' counsel to obtain a stipulation. Defendants filed answers to the complaint and a crossclaim against plaintiff on September 13, 2023. (ECF Nos. 16, 17, 18.)

I.     Plaintiff's Motion to Expedite Discovery

A. Plaintiff's Requests for Production of Documents under Rule 34

A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order. Fed. R. Civ. P. 26(d)(1). Here, plaintiff does not need a court order to issue a request for production of documents because Federal Rule of Civil Procedure 26(d)(2) authorizes early discovery at this juncture. Rule 26(d)(2) allows parties to serve Rule 34 document requests more than 21 days after the summons and complaint are served on a party. Here, over 21 days have passed since the summons and complaint were served on defendants Tribal Logistics and Dominick Cuevas. Defendant Tribal Logistics was served on August 4, 2023. (ECF No. 10.) Dominick Cuevas was served with the complaint and summons on August 14, 2023. (ECF No. 11.) Because plaintiff's early Rule 34 discovery is authorized under the Rule 26(d)(2), plaintiff's motion is denied as moot insofar as it seeks to issue early requests for production of documents to defendant.

B. Plaintiff's Rule 45 Subpoena

To the extent plaintiff's motion seeks a court order to issue an early Rule 45 third-party subpoena, plaintiff's motion is denied. Courts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause. Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). A court should examine the requested discovery based on the entirety of the record to date and the reasonableness of the request in light of all surrounding

circumstances. Id. at 1067. Courts examine the reasonableness of the request by considering a non-exhaustive set of factors: (1) whether a preliminary injunction is pending, (2) the breadth of the discovery requests, (3) the purpose for requesting the expedited discovery, (4) the burden on the defendant of compliance with the requested discovery, and (5) how far in advance of the typical discovery process the request was made. Id.

Here, plaintiff asserts that expedited discovery "is reasonable related" and narrowly tailored to than anticipated preliminary injunction motion. (ECF No. 14-1 at 4.) However, such assertions are conclusory and lack any factual support or legal analysis. Plaintiff does not explain how the information sought is narrowly tailored to plaintiff's anticipated preliminary injunction motion, as opposed to the merits of plaintiff's claim.[1] Am. LegalNet, Inc., 673 F. Supp. 2d at 1069 (courts may deny a motion for expedited discovery where the discovery sought supports the merits of the party's claims and is not narrowly tailored to obtain information relevant to a preliminary injunction determination). Further, there is no motion for preliminary injunction pending and plaintiff fails to explain what "irreparable harm" it seeks to prevent. The court cannot determine the reasonableness of plaintiff's request based on the insufficient briefing before it and therefore finds that plaintiff has not shown good cause.

Because plaintiff has failed to show good cause for expedited discovery, plaintiff's motion to expedite discovery, ECF No. 14, is denied and the October 17, 2023 hearing date is vacated. Plaintiff's motion to shorten time is denied as moot.[2] (ECF No. 15.)

---

[1] Contrary to plaintiff's assertions, the proposed subpoena appears to sweep broadly and go directly to the merits of plaintiff's claims. (See ECF No. 14-3 at 8-11, seeking from Impala Freight "1) all communications between Impala Freight Inc. and Dominick Cuevas from March 1, 2023 to the present, 2) all communications from March 1 to the present between Impala Freight Inc., and any customers or potential customers introduced to you by Dominick Cuevas, 3) all documents reflecting or describing any services provided by Impala Freight Inc to any companies which were introduced to you by Dominick Cuevas from March 1, 2023 to the present, 4) any communications announcing the employment of Dominick Cuevas by Impala Freight, Inc. between March 1, 2023 and the present.")

[2] Plaintiff's motion to shorten time violates Local Rule 144, as plaintiff has not submitted an affidavit satisfactorily showing that counsel attempted and failed to obtain a stipulation. L.R. 144 (e) (ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the

II.  Initial scheduling conference

As defendants have answered the complaint and no dispositive motions are pending, this case is ripe for scheduling. The parties shall appear for a hearing on Tuesday, October 31, 2023, at 9:00 a.m., before Magistrate Judge Kendall J. Newman. The hearing will be conducted remotely by Zoom. The parties are directed to submit a joint statement at least 14 days prior to the hearing that responds to the relevant portion of Judge Drozd's "Order Setting Status (Pretrial Scheduling) Conference." (ECF No. 3 at par. 6(a)-(o).)

**ORDER**

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Expedite Discovery, ECF No. 14, is DENIED;
2. Plaintiff's Motion to Shorten Time, ECF No. 15, is DENIED;
3. The motion hearing scheduled for October 17, 2023, is VACATED;
4. The parties shall appear for a hearing on Tuesday, October 31, 2023, at 9:00 a.m. before Magistrate Judge Kendall J. Newman. The hearing will be conducted remotely by Zoom. The parties are directed to submit a joint statement at least 14 days prior to the hearing that responds to the relevant portion of Judge Drozd's "Order Setting Status (Pretrial Scheduling) Conference." (ECF No. 3 at par. 6(a)-(o).)

Dated:  September 25, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

logi.1592.

---

failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action).