UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGISTICS GUYS INC., | 2:23-cv-01592-DAD-KJN |
| Plaintiff, | ORDER |
| v. | |
| DOMINICK CUEVAS, ET AL, | |
| Defendants. | |

Plaintiff Logistics Guys filed this trade secret misappropriation case against defendants Dominick Cuevas and Tribal Logistics. (See generally, ECF No. 1.) On December 29, 2023, plaintiff filed the instant motion to compel discovery and set a motion hearing for January 23, 2024, before the undersigned. (ECF No. 37.)

Under Local Rule 251, plaintiff was required to meet and confer with defendants for purposes of preparing a joint statement on plaintiff's motion, and file that joint statement no later than fourteen days before the motion to compel hearing, i.e., by January 9, 2024. "Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel." L.R. 251(b). The parties must set forth their differences and the bases for those differences in a joint statement, specifying, "with particularity," (1) the details of the conference or conferences; (2) a

statement of the nature of the action and its factual disputes insofar as they are pertinent to the matters to be decided and the issues to be determined at the hearing; and (3) the contentions of each party as to each contested issue.  L.R. 251(c).

The meet and confer requirements contemplate "an informal conference" in which the parties "present to each other the merits of their respective positions with the same specificity with which they would brief the discovery dispute."  Linlor v. Chase Bankcard Servs., Inc., 2018 WL 2149795, at *4 (S.D. Cal. May 9, 2018), citing Wilson v. Aargon Agency, Inc., 262 F.R.D. 561, 564 (D. Nev. 2010).  To satisfy the meet and confer requirements, the moving party must "personally engage in two-way communication with the non-responding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention."  Cung Le v. Zuffa, LLC, 321 F.R.D. 636, 647 (D. Nev. 2017) (internal citations and quotations omitted).  The moving party bears the responsibility to arrange the meet-and-confer conference.

The Local Rules provide an exemption to the joint statement requirement. Counsel for any party who is unable, after a good faith effort, to secure the cooperation of counsel for the opposing party in arranging the required conference, may file and serve an affidavit so stating, setting forth the nature and extent of counsel's efforts to arrange the required conference or procure the required joint statement, the opposing counsel's responses or refusals to respond to those efforts, the issues to be determined at the hearing, and the moving party's contentions with regard to the issues, including any briefing in respect thereto.  L.R. 251(d).

Here, plaintiff has not filed a joint statement compliant with Local Rule 251, nor has plaintiff filed a declaration demonstrating an exemption from the joint statement requirement.  On January 9, 2024, plaintiff filed a declaration in support of the motion for discovery; however, plaintiff's declaration does not detail any efforts to arrange the required conference or procure the required joint statement or defendant's counsel's responses.  (See ECF No. 40.)

Accordingly, plaintiff's motion is DENIED without prejudice and the January 23, 2024 hearing is VACATED.  The parties are cautioned that the court will not hesitate to impose monetary sanctions on any attorney that seeks court intervention without first engaging in a good faith effort to resolve discovery disputes.

**ORDER**

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Compel Discovery, ECF No. 37, is DENIED without prejudice;

2. The motion hearing currently set for January 23, 2024, is VACATED.

Dated: January 18, 2024

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

logi.1592.