UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGISTICS GUYS INC., | No. 2:23-cv-01592-DAD-CSK |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S REQUEST FOR AN ORDER REQUIRING DEFENDANTS TO SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT AND DENYING PLAINTIFF'S REQUEST IN ALL OTHER RESPECTS |
| DOMINICK CUEVAS, et al., | |
| Defendants. | |
| | (Doc. No. 59) |

On June 13, 2024, the court issued an order granting plaintiff's motion for a preliminary injunction and ordered the following, in relevant part:

> (a) Defendants Dominick Cuevas, Adam Nesta, and Impala Freight Inc. are enjoined and restrained from directly or indirectly retaining, using, transmitting, disseminating, or disclosing plaintiff's Customer and Pricing Information ["CPI"], including but not limited to the identities, key contact information, and particular needs for plaintiff's current and former customers, as well bills of lading and other pricing information; . . .
>
> (d) Defendants . . . are enjoined and restrained from *conducting business* with any The Logistics Guys customers that they solicited *using plaintiff's Customer and Pricing Information*; . . .
>
> (e) Defendants . . . shall, within five (5) days from the date of entry of this order, return to plaintiff (through plaintiff's counsel) all documents, materials, or information which constitute, contain or summarize plaintiff's Customer and Pricing Information; . . .

1

> (g) Defendants . . . shall, within seven (7) days from the date of entry of this order, file with this court an affidavit signed under penalty of perjury, *setting forth in detail the manner and form in which they have complied* with this order[.]

(Doc. No. 54 at 23–24) (emphasis added).

      Defendants filed their affidavits pursuant to section (g) of the June 13, 2024 order on June 20, 2024.  (Doc. Nos. 55, 56, 57.)  As explained below, however, defendants' affidavits do not provide sufficient information for the court to determine whether defendants have complied with the preliminary injunction.

      On July 23, 2024, plaintiff filed the pending motion requesting that the court order defendants to show cause why they should not be held in contempt for failing to comply with the preliminary injunction.[1]  (Doc. No. 59.)  Plaintiff argues that defendants' affidavits purportedly detailing their compliance are entirely conclusory repetitions of arguments that have already been rejected by the court.  (Doc. No. 59-1 at 1–2, 5–6.)  Plaintiff contends that defendants were required in their affidavits to describe how their contacts with plaintiff's former customers occurred without using plaintiff's trade secrets.  (*Id.* at 6.)  Similarly, plaintiff argues that defendants' conclusory affidavits fail to satisfy the injunction's prohibition in section (d) of the order on doing business with customers that were solicited using plaintiff's trade secrets.  (*Id.*)  Finally, plaintiff argues that defendants have failed to comply with section (e) of the injunction order because they altered files before returning them to plaintiff and failed to describe how

---

[1] In the pending motion, plaintiff also requests that defendants be ordered to show cause why they should not be sanctioned pursuant to the inherent power of the court.  (Doc. No. 59-1 at 7.)  Plaintiff argues that defendants violated the California Rules of Professional Conduct, as well as California Business and Professions Code § 6068(f), by disparaging plaintiff's reputation through declarations filed with this court.  (*Id.* at 7–8.)  Plaintiff also argues that defendants' conduct in this regard somehow violated or undermined the preliminary injunction.  "[A] district court may, in its informed discretion, rely on inherent power" to issue sanctions.  *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).  The court finds that plaintiff has not shown that defendants disparaged plaintiff in the declarations filed with this court.  Nor has plaintiff persuaded the court that such disparagement would constitute a violation of the court's preliminary injunction.  The court therefore denies plaintiff's request in this regard.  *See Gen. Elec. Co. v. Wilkins*, No. 1:10-cv-00674-LJO-JLT, 2012 WL 3205430, at *10 (E.D. Cal. Aug. 2, 2012) ("Moreover, the Court does not wish to exercise its discretion pursuant to 28 U.S.C. § 1927 or its inherent power to impose sanctions.").

documents were handled, who accessed them, or why certain devices were wiped clean of information.  (*Id.* at 6–7.)

In response to the pending motion, defendants have filed declarations detailing their contacts with plaintiff's former customers.  (*See* Doc. No. 62 at 46–83.)  Defendants also included with their filings a copy of a police report filed by defendant Cuevas on March 14, 2024, in which he described how his laptop had been stolen from his car.  (*Id.* at 35.)  Defendant Cuevas argues that he does not know whether the laptop contained trade secrets and that, in any event, he cannot be held responsible for not returning the laptop because it was stolen months before the issuance of the preliminary injunction.  (*Id.* at 4–5.)

While defendants' responses to the pending motion included more detail than their affidavits submitted on June 20, 2024, the court shares plaintiff's concerns regarding the comprehensiveness of defendants' filings.  Defendants' affidavits and declarations are in many respects ambiguously worded, such that discerning their exact meaning is often difficult.  The court also notes that the language in defendants' declarations often varies considerably when denying the use of trade secrets with respect to different customers.  As to some customers, defendant Cuevas provided more detailed statements.  (*See, e.g.*, Doc. No. 62 at 48 ("I have not . . . used any secret information or . . . Bills of Lading or . . . pricing data or anything of [plaintiff's] or [plaintiff's affiliate] Transmedik to convince [a certain customer] to work with us."), 73 ("I never used any of [plaintiff's] or Transmedik's materials, Bills of Lading, pricing information, customer data, or anything to obtain this customer[.]")). As to other customers, however, defendant Cuevas was more conclusory.  (*See, e.g.*, *id.* at 75 ("I did not use any type of claimed trade secret to obtain this customer or anything associated with [plaintiff] or Transmedik."), 82 ("There is no trade secret or any information that [plaintiff] or Transmedik had that I used to work with [a certain customer].")).  Further, as to still other customers, defendant Cuevas phrased his responses merely in hypothetical terms.  (*See, e.g.*, *id.* at 59 ("No trade secret or anything [plaintiff] or Transmedik could claim to have as a claimed trade secret or pricing data *could* ever be used to try to convince [a certain customer] to want to work with us.") (emphasis added)).  These differing levels of details are noteworthy in light of how formulaic and repetitive

3

1 the rest of defendants' filings often are, with different defendants' declarations often containing
2 the same unusual phrases verbatim.

3       The ambiguity of defendants' filings makes it difficult to discern the extent to which they
4 have complied with the preliminary injunction issued by this court.  In order for defendants to
5 comply with the preliminary injunction's provision directing them to file affidavits detailing how
6 they are no longer conducting business with customers solicited using plaintiff's CPI, defendants
7 must first identify the customers, if any, in connection with whom they used plaintiff's key
8 contact information, bills of lading, rate confirmations, and other CPI.  Defendants must then
9 affirm that they are no longer conducting business with those customers.
10 In particular, the court is concerned that defendants' semi-conclusory affirmations that they did
11 not solicit customers using the CPI leaves open the possibility that defendants are stating not that
12 they did not use any CPI, but rather that they do not consider defendant Cuevas's August 23,
13 2024 email announcing his change of employment to constitute a solicitation.  **The court has**
14 **already rejected this argument.**  The court urges defendants to appreciate that their compliance
15 with the preliminary injunction turns on their detailed description of what they did with the CPI
16 that defendants Nesta and Cuevas downloaded from plaintiff.  As the court explained in its prior
17 order granting the preliminary injunction, while "informing a former employer's customers of a
18 change of employment, *without more*, is not solicitation," the undisputed evidence in this case
19 suggests that there was indeed "more." (Doc. No. 54 at 17–18) (quoting *MAI Sys. Corp. v. Peak*
20 *Computer, Inc.*, 991 F.2d 511, 521 (9th Cir. 1993)).  It is undisputed that someone using
21 defendant Nesta's computer downloaded hundreds of rate confirmations and bills of lading three
22 days before Nesta's resignation.  (*See* Doc. Nos. 48 at 22–23; 45-3 at 12–32.)  It is further
23 undisputed that defendant Cuevas only emailed former customers regarding his change of
24 employment weeks after his termination, on the day defendant Nesta joined him as an
25 independent contractor at defendant Impala Freight Inc. while in possession of plaintiff's CPI—
26 CPI that would allow Cuevas to more easily contact former customers and generate bids
27 undercutting plaintiff's pricing.  (*See* Doc. No. 54 at 15–18.)  Despite this, defendants do not
28 /////

1   specifically address in their filings which information they downloaded, how it was used, and
2   how it has been handled or deleted.

3   Consequently, **defendants are hereby ordered to show cause in writing within seven
4   (7) days of the date of entry of this order why they should not be held in contempt for failing
5   to comply with the terms of the preliminary injunction**. Defendants' response shall include
6   filing affidavits, sworn to under penalty of perjury, containing clear, direct, and specific
7   explanations regarding (a) for which customers, if any, defendants used plaintiff's CPI to find key
8   contact information or generate bids; and (b) with which of those customers defendants are
9   continuing to do business. In responding to this order to show cause, defendants may also
10  provide other information that they believe sheds light on their compliance with the court's
11  preliminary injunction, such as, for example, what information they downloaded from plaintiff,
12  which defendants possessed what information at what times, how they copied or preserved that
13  information, and whether all such information has been either returned to plaintiff or deleted. In
14  their response, defendants shall specify which categories of information they are discussing, such
15  as key contact information for current and former customers of plaintiff or Transmedik; those
16  customers' particular needs; bills of lading; or other pricing information, such as rate
17  confirmations.

18  **The court stresses that defendants are required by this court's preliminary
19  injunction to submit affidavits providing details regarding which information was
20  downloaded, when, by whom, and how it was used to, e.g., formulate bids or contact
21  customers with whom defendants continue to do business.** To that end, the court urges
22  defendants to appreciate that there is likely minimal value to them filing additional customer
23  declarations stating that customers do not believe they were solicited using plaintiff's trade
24  secrets. Defendants have provided neither evidence nor explanation as to how or why those
25  customers would know what information of plaintiff's was downloaded and used by defendants,
26  rendering the customers' beliefs as to that subject largely irrelevant.
27  /////
28  /////

Defendants are cautioned that a failure to timely file affidavits clarifying whether they have complied with the preliminary injunction may result in the court finding them to be in contempt of court.[2]

IT IS SO ORDERED.

Dated:  **August 7, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2] Of course, the court notes that the burden to show that defendants should be held to be in contempt remains with plaintiff. Plaintiff must meet the high bar of showing by clear and convincing evidence that defendants failed to substantially comply with a reasonable, good faith interpretation of the preliminary injunction. *See R.R. Donnelley & Sons Co. v. Pappas*, No. 2:21-cv-00753-DJC-AC, 2024 WL 1606921, at *2 (E.D. Cal. Apr. 12, 2024).