UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGISTICS GUYS INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOMINICK CUEVAS, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-01592-DAD-CSK<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO SEAL THE DECLARATION OF KENNETH M. WEINFIELD AND EXHIBITS A AND B THERETO<br><br>(Doc. No. 100) |

On October 7, 2024, plaintiff Logistics Guys Inc. filed a notice of its request to seal the declaration of plaintiff's counsel Kenneth M. Weinfield filed in support of plaintiff's motion to hold defendants in contempt of court ("the Weinfield declaration"), and to seal exhibits A and B thereto ("the Exhibits"), on the grounds that the Weinfield declaration and the Exhibits contain defendants' sensitive personal information. (Doc. No. 100.) Defendants did not file an opposition to the pending request to seal. For the reasons explained below, the court will grant plaintiff's unopposed request to seal the Weinfield declaration and the Exhibits.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").

1

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).[1]

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003)). The reason for these two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

Under the "compelling reasons" standard applicable to dispositive motions, such as a motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178.

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever

---

[1] Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

2

the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Finally, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

**ANALYSIS**

In its notice of request to seal, plaintiff contends that the Exhibits "consist of defendants' telephone calling records [subpoenaed] from Verizon and AT&T, which include personal numbers which they called as well as the telephone numbers of plaintiff's customers." (Doc. No. 100 at 1–2; *see also* Doc. No. 100-1 at 1–2.) Courts in the Ninth Circuit regularly seal portions of documents containing personal phone numbers. *See, e.g.*, *Hadley v. Kellogg Sales Co.*, No. 16-cv-04955-LHK, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018) ("The Court agrees that compelling reasons exist to seal sensitive personal information such as . . . phone numbers . . . ."); *Benanav v. Healthy Paws Pet Ins. LLC*, No. 20-cv-00421-LK, 2023 WL 8648962, at *3 (W.D. Wash. Dec. 14, 2023) (concluding that "there are compelling reasons to seal the documents to protect Mr. Gage's privacy" where certain documents contained the plaintiff's "personal cell phone number"); *cf. Pizana v. Sanmedica Int'l, LLC*, No. 1:18-cv-00644-ADA-SKO, 2023 WL 5533447, at *4 (E.D. Cal. Aug. 28, 2023) ("Because SanMedica has not presented compelling reasons to seal the entire email exchange, the Court will deny its request. Nevertheless, the email exchange does contain personal identifying information, including names, email addresses, and phone numbers that Plaintiffs must redact prior to filing.").

Here, the Exhibits are purported copies of defendants' cell phone records spanning nearly 150 pages, which also document defendants' locations at frequent intervals during the course of

several months. (*See* Req. at 5–148.) The Exhibits contain defendants' personal phone numbers, as well as the phone numbers of many of plaintiff's former customers. (*See id.*; Doc. No. 100-1.) Similarly, the Weinfield declaration describing the Exhibits also contains defendants' private phone numbers. (*See* Req. at 1–2.) The court concludes that plaintiff has shown that compelling reasons justify the sealing of the Weinfield declaration and the Exhibits, which consist almost entirely of phone records.[2] *See Espineli v. Toyota Motor Sales U.S.A., Inc.*, No. 2:17-cv-00698-KJM-CKD, 2019 WL 4640683, at *2 (E.D. Cal. Sept. 24, 2019) (granting in part the defendant's request to seal and redact where the defendant "explain[ed] Exhibit N contains private, identifying customer information, including customer email addresses and phone number").

Accordingly,

1. Plaintiff's request to seal (Doc. No. 100) is granted;
2. The declaration of plaintiff's counsel Kenneth M. Weinfield filed in support of plaintiff's motion to hold defendants in contempt of court, as well as exhibits A and B thereto, shall be filed under seal, to be accessed only by the court and the parties; and
3. Plaintiff shall send a PDF copy of the declaration of plaintiff's counsel Kenneth M. Weinfield filed in support of plaintiff's motion to hold defendants in contempt of court, as well as exhibits A and B thereto, via email to ApprovedSealed@caed.uscourts.gov for filing under seal on the docket in this action.

IT IS SO ORDERED.

Dated: **November 19, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff briefly suggests in its proposed order granting its request to seal that the "good cause" standard applies here. (*See* Doc. No. 100-2) ("Good cause appearing, the Court hereby grants plaintiff's request"). Because the court has already concluded that compelling reasons exist to grant plaintiff's request to seal, the court need not decide whether the lower "good cause" standard is instead applicable.