UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGISTICS GUYS INC.,<br><br>Plaintiff,<br><br>v.<br><br>DOMINICK CUEVAS, et al.,<br><br>Defendants. | No. 2:23-cv-01592-DAD-CSK<br><br>ORDER DIRECTING DEFENDANTS TO FILE A SUR-REPLY TO THE PENDING MOTION TO HOLD DEFENDANTS IN CONTEMPT OF COURT<br><br>(Doc. No. 87) |

This matter is before the court on plaintiff's motion seeking to have defendants held to be in contempt of court. (Doc. No. 87.) For the reasons explained below, the court will direct defendants to file a sur-reply in support of their opposition to the pending motion by no later than December 6, 2024.

On June 13, 2024, the court issued an order granting plaintiff's motion for preliminary injunction and enjoining defendants from, among other things, conducting business with any of plaintiff's customers that defendants solicited using plaintiff's trade secrets. (Doc. No. 54 at 23–24.) On August 8, 2024, the court issued an order granting plaintiff's request for an order requiring defendants to show cause why they should not be held in contempt of court for failing to comply with the terms of that preliminary injunction. (Doc. No. 68.) On August 15, 2024, defendants filed four affidavits detailing their compliance with the preliminary injunction. (Doc. Nos. 69–72.) In light of defendants' affidavits, the court discharged the order to show cause on

/////

August 19, 2024, without prejudice to plaintiff filing a motion to hold defendants in contempt of court.[1]  (Doc. No. 74.)

On September 10, 2024, plaintiff filed a motion to hold defendants in contempt of court. (Doc. No. 87.)  Defendants filed their oppositions to the pending motion on September 26, 2024. (Doc. Nos. 92–97.)  On October 7, 2024, plaintiff filed its reply thereto.  (Doc. No. 99.)

Plaintiff raises a number of new arguments in its reply brief based on the submission of a purported copy of the phone records of defendants Dominick Cuevas and Adam Nesta, produced by Verizon on September 30, 2024, and AT&T on October 2, 2024 pursuant to subpoenas ("the Phone Records").[2]  (*See* Doc. Nos. 99; 104 at 1–2.)  Plaintiff argues that the Phone Records document defendants' pervasive contacts with plaintiff's customers during a time period in which defendants have previously claimed not to have solicited those customers.  (Doc. No. 99 at 4.)  In particular, plaintiff argues that while defendants have contended that plaintiff's former customers first contacted defendant Cuevas, the Phone Records appear to demonstrate that defendant Cuevas called plaintiff's customers numerous times before those customers requested his services.  (*Id.* at 5.)  Plaintiff further argues that defendant Cuevas called plaintiff's former customers many times "after the commencement of his suspension and before he claims to have begun competing against" plaintiff.  (*Id.*; *see also id.* at 6.)  Plaintiff additionally contends that defendant Cuevas "apparently moved loads for [plaintiff's former customer Arbitech/Valesea] using another logistics provider while still employed by" plaintiff.  (*Id.* at 5.)

Next, plaintiff argues that the timing of the calls in the Phone Records demonstrates that, contrary to defendants' representations to the court, defendant Cuevas's involvement with defendant Impala Freight Inc. ("Impala Freight") "began not in late August 2023 but rather on

---

[1] Defendants devoted nearly half of their opposition to the pending motion to arguing that the motion is somehow one for reconsideration brought pursuant to Federal Rule of Civil Procedure 59 (*see* Doc. No. 93 at 7–16), despite the court clearly stating in its order issued on August 19, 2024 that the order to show cause was discharged without prejudice to plaintiff's filing of the pending motion (*see* Doc. No. 74).

[2] On November 20, 2024, the court issued an order granting plaintiff's request to file the Phone Records on the docket under seal.  (Doc. No. 102.)  Plaintiff did so that same day.  (Doc. No. 104.)

June 20, 2023 while he was suspended as" plaintiff's employee. (*Id.* at 6.) Plaintiff argues that the Phone Records show that defendant Cuevas engaged in group calls with defendant Impala Freight and plaintiff's former customers in early August 2023, before defendants contend defendant Cuevas began working for Impala Freight. (*Id.*) Moreover, plaintiff argues that the Phone Records show that defendant Nesta participated in group calls with Cuevas and Impala Freight while still employed by plaintiff. (*Id.*) Separately, plaintiff argues that the timing of the Phone Records contradicts defendants' contention that defendant Nesta destroyed his phone on August 23, 2023, since the Phone Records purportedly show Nesta using his phone through September 1, 2023. (*Id.* at 7; *see also* Doc. No. 104 at 144.) While these arguments are new, the court finds them to be significant.

Accordingly, the court hereby directs defendants to file a sur-reply addressing the new arguments and evidence presented in plaintiff's reply, by no later than December 6, 2024. *Cf. Tounget v. Valley-Wide Recreation & Park Dist.*, No. 16-cv-00088-JGB-KK, 2020 WL 8410456, at *2 (C.D. Cal. Feb. 20, 2020) ("A decision to grant or deny leave to file a sur[-]reply is generally committed to the sound discretion of the court.") (alterations in original); *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) ("Although the Court may in its discretion permit the filing of a surreply, this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."). In their sur-reply, defendants may only address the new arguments and evidence presented for the first time in plaintiff's reply.

IT IS SO ORDERED.

Dated:   **November 22, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE